UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENNIS MATHEWS,<br><br>Petitioner,<br><br>v.<br><br>DOUG WADDINGTON,<br><br>Respondent. | Case No. C05-5670RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 9th, 2006** |

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION AND PROCEDURAL FACTS

Petitioner challenges 2002 Clark County convictions by guilty plea for one count of first degree incest, one count of third degree child molestation, one count of sexual exploitation of a minor, one count of second degree identity theft, and one count of intimidating a witness. (Dkt. # 13, Exhibit 1). Petitioner was sentenced to 120 months confinement on September 24th, 2002.

As petitioner plead guilty there was no direct appeal. On April 25th, 2003 he filed a Personal Restraint Petition with the Washington State Court of Appeals. His petition was denied and he filed a motion for reconsideration which was considered as a motion for discretionary review. The State

REPORT AND RECOMMENDATION
Page - 1

1  Supreme Court denied review June 2nd, 2004.  (Dkt. # 13, Exhibit 10).

2        Petitioner filed a second Personal Restraint Petition on July 19th, 2004.  The petition was
3  dismissed as time barred under state law.  (Dkt. # 13, Exhibit 13).  Petitioner filed for discretionary
4  review, and on March 15th, 2005 the State Supreme Court denied the motion agreeing that his
5  second petition was time barred. (Dkt. # 13, Exhibit 15).  Petitioner's federal petition was filed
6  October 12th, 2005.  (Dkt. # 1).

7        Having reviewed the file the court recommends this petition be **DISMISSED WITH**
8  **PREJUDICE** as time barred.

9  DISCUSSION

10  <u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

11        Federal habeas corpus petitions are subject to a statue of limitations under the 1996
12  amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the
13  Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

14/15      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

16/17        (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

18/19        (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

20        (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

21/22      (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

23/24        Petitioner's sentence became final the day of sentencing, as he plead guilty and did not file a
25  direct appeal.  Accordingly, the statute ran from September 24th, 2002 until April 25th, 2003.
26  Therefore, 213 days of the 365 day time line ran, leaving 152 days. When the motion for review of
27  the first personal restraint petition was denied on June 2nd, 2006 the statute began to run again and it
28  ran until July 19th, 2004 when petitioner filed his second personal restraint petition.  Thus, 47 of the

152 days elapsed. There were 105 days remaining.

On March 15th, 2005 when the Washington Supreme Court denied review the statute again began running for the remaining 105 days expired on June 29th, 2005. The federal petition was not filed until October 12th, 2005. Even if the court were to stay the running of the one year until the state supreme court denied petitioner's motion to modify the ruling denying his petition, the statute would begin to run on May 5th, 2005. The one year federal time frame would have expired on August 18th, 2005. The petition is at least two months time barred. Accordingly the court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 9th , 2006**, as noted in the caption.

Dated this 15th day of May, 2006.

                                            */S/ J. Kelley Arnold*
                                            J. Kelley Arnold
                                            United States Magistrate Judge